# CIRCUIT COURT OF BALTIMORE CITY.

Filed June 2, 1910.

ABELL
VS.
ABELL.

*Charles J. Bonaparte* for trustee.

*Venable, Baetjer & Howard* for Marie T. Edwards.

*W. Hall Harris* for defendant.

NILES, J.—

I.

It seems evident that without utterly disregarding the terms of Mr. Abell's will, as construed by the Court of Appeals, the trustee, subject to the supervisory control of this Court, must discharge as a "primary duty" of his trust, the task "of determining what amount would from time to time be fully sufficient" for the maintenance of Mr. Abell's children.

This amount the trustee must so apply, and invest the balance—if any— in the surplus or emergency fund. It is, of course, possible for the trustee to come to the conclusion, which would be sanctioned by the Court, that this amount would precisely equal the whole net income, and that each child would require exactly one-third of it, and that none of the issue of any living child would be entitled to any of it; but the Court of Appeals (102 Md. 70)

86

evidently consider that inequality according to the "needs and requirements" of the beneficiaries severally, would be the ordinary rule of distribution.

## II.

It seems evident, from the terms of the will, that Mr. Abell meant to provide during the continuation of the trust for the issue of his children, as well as for his children themselves, and yet that he had sufficient confidence in their wisdom and parental love, to provide among his children should they survive the trust, the whole estate without making any provision for the children of living parents.

## III.

It must also be considered that the "surplus fund" is ultimately to go to the very same persons who take the income, should they survive the trust, and it consequently appears that the provision as to surplus was intended merely as a protection to them against unforseen possibilities and contingencies and wholly for their benefit.

## IV.

"My conclusion from the above considerations is that the trustee should make such allowances for the maintinance of each of the children and each of their issue as will be "fully sufficient," and that the sum total of these allowances ought ordinarily to absorb the bulk of the income, reserving, while such income continues ample, only so much as a prudent man of similar means would consider proper to lay up against more unprosperous times.

This money should be so applied as to effectuate the objects above declared. As to the children it should, of course, be paid directly. As to the issue of living children it should be paid to such person and in such way as the trustee may deem most appropriate to secure proper application. While these issue are small children living with their parents, and in the absence of any suggestion that it will not be used for their maintenance, the payment may well be made direct to their parents.

Should other conditions prevail the payments might be made to other persons on their account.

The situation here bears slight resemblance to the case of an infant having an "estate," in the usual sense, and I see no special reason for a guardian, or for settling accounts in the Orphans' Court.

In view of the fact that there is now a surplus fund of about $125,000, invested, so that it will be augmented during a considerable period of time by compound interest, and in view of the further fact that the income will probably exceed the present allowances by about $16,000 annually, I would not hesitate to sanction an increase of these allowances.